**Supreme Court**
No. 2024-328-Appeal.

SWAP Property Management et al.　　:

v.　　　　　　:

Henrietta Shepard.　　　　:

## O R D E R

This case came before the Supreme Court on the *pro se* appeal by the defendant, Henrietta Shepard (Shepard or defendant), from a judgment of the Superior Court entered in favor of the plaintiffs, SWAP Property Management and Potters Avenue Area Revitalization, LP (plaintiffs). Having reviewed the parties' written and oral arguments, we conclude that cause has not been shown and proceed to decide the appeal at this time. We affirm.

On November 21, 2023, plaintiffs filed a complaint in the Sixth Division District Court for eviction for nonpayment of rent. The complaint indicated that a five-day demand notice had been served and alleged that defendant owed $804 in past rent. After the passage of time during which additional rent payments accrued, and at the close of the District Court proceeding, the trial judge entered judgment and awarded plaintiffs $2,221, including costs. Shepard filed a timely notice of appeal to the Superior Court.

- 1 -

Before the Superior Court, the trial justice conducted a trial *de novo*. *See Red Gate Motel, Inc. v. Albanese*, 317 A.3d 1123, 1127 n.2 (R.I. 2024) ("[A]n appeal to the Superior Court in landlord-tenant actions proceeds on a *de novo* basis.") (quoting *Naughton v. Guilloteau*, 219 A.3d 742, 742 (R.I. 2019) (mem.)). The plaintiffs presented the testimony of Alyssa Degnan, a senior assistant portfolio manager at SWAP Property Management. Degnan related that during the September 2023 through April 19, 2024 time period, defendant accrued rent in the amount of $6,502.73, yet paid $3,816, thus resulting in a balance due of $2,686.73. Degnan asserted that plaintiffs sought a judgment in the amount of $2,686.73, plus court costs, and possession of the rental property. The defendant appeared before the Superior Court *pro se*. The record reflects that Shepard was afforded the opportunity to cross-examine Degnan and to testify on her own behalf. In sum, Shepard contested the amount in dispute, indicating that she had money-order receipts, but acknowledged being $400 in arrears.

At the conclusion of the hearing, the trial justice declared that, based upon the evidence presented, he had "no alternative but to grant the relief being sought by [plaintiffs] * * *." In so doing, the trial justice observed that the documentary evidence offered by defendant was "really incomplete and not of any assistance to the [c]ourt at all." Accordingly, judgment entered in favor of plaintiffs, awarding

$2,686.73, court costs, and possession of the rental property. Shepard filed a timely appeal to this Court.

On appeal, Shepard contests the trial justice's factual determination. She claims that as of July 19, 2024, she was not in arrears. The defendant appeared at oral argument, at which she again referenced money-order receipts, but she presents no evidentiary support for this assertion, nor does she articulate a legal argument or direct our attention to any portion of the Superior Court record to advance the claim of error.

"This Court applies a deferential standard of review to the factual findings of a Superior Court justice sitting without a jury." *Red Gate Motel, Inc.*, 317 A.3d at 1126. "We will not disturb the trial justice's findings absent a showing that she or he overlooked or misconceived material evidence, or clearly erred in coming to her or his decision." *Id.* Finally, "we give deference to the inferences and conclusions drawn by the trial justice from the testimony and evidence presented." *Id.*

Having carefully examined the record and the parties' arguments, we discern no error. The record reflects that the defendant acknowledged in fact that she was $400 in arrears but was steadfast that she did not owe the amount sought by the plaintiffs ($2,686.73). As noted, the trial justice's determination to the contrary is entitled to deference, absent evidence that he overlooked or misconceived material evidence. *See Red Gate Motel, Inc.*, 317 A.3d at 1126. The defendant fails to direct

- 3 -

our attention to any material evidence overlooked or misconceived by the trial justice. Finally, we observe that the defendant's appellate argument that, as of July 19, 2024, she was no longer in arrears is of no moment because this contention postdates the April 2024 judgment. *See, e.g.*, *Cronan v. Cronan*, 307 A.3d 183, 192 (R.I. 2024) ("[I]ssues not properly presented before the trial court may not be raised for the first time on appeal.") (quoting *Donnelly Real Estate, LLC v. John Crane Inc.*, 291 A.3d 987, 994 (R.I. 2023)). We discern no error in the trial justice's determination.

For these reasons the judgment of the Superior Court is affirmed. The papers in this case are remanded to the Superior Court.

Entered as an Order of this Court this 22nd day of ___January, 2026.

By Order,

_/s/ Meredith A. Benoit_
_____
Clerk

- 4 -



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE

Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## ORDER COVER SHEET

| | | |
|---|---|---|
| **Title of Case** | SWAP Property Management et al. v. Henrietta Shepard. | |
| **Case Number** | No. 2024-328-Appeal.<br>(PD 24-1806) | |
| **Date Order Filed** | January 22, 2026 | |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. | |
| **Source of Appeal** | Providence County Superior Court | |
| **Judicial Officer from Lower Court** | Associate Justice Daniel A. Procaccini | |
| **Attorney(s) on Appeal** | For Plaintiffs:<br><br>Sean T. O'Leary, Esq. | |
| | For Defendant:<br><br>Henrietta Shepard, *pro se* | |